## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

AMERICAN GLOBAL EXPORTERS L.L.C,
a Florida limited liability company,

      Plaintiff,                                           Case No.

vs.

BUCKEYE BARREL BROTHERS LLC,
an Ohio limited liability company, and
JASON GREEN, an individual,

      Defendants.
_____/

## **COMPLAINT**

      Plaintiff, AMERICAN GLOBAL EXPORTERS L.L.C., a Florida limited liability company ("**Plaintiff**"), sues Defendants, BUCKEYE BARREL BROTHERS LLC, an Ohio limited liability company ("**BBB**"), and JASON GREEN, an individual ("**Green**"), and alleges:

### **Jurisdiction, Parties, and Venue**

      1.      This is a civil action where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between citizens of different states, over which action this Court has subject matter jurisdiction under 28 U.S.C. § 1332.

      2.      Plaintiff is a Florida limited liability company with its principal place of business located at 3000 South Ocean Drive, Suite 414, Hollywood, Florida 33019. Plaintiff's principal and sole member, Gilbert Demoss ("**DeMoss**"), is a citizen of Indiana.

      3.      BBB is an Ohio limited liability company with its principal place of business located at 2741 Lyons Road, Dayton, Ohio 45458.

      4.      BBB's sole member, Green, is a citizen of Ohio who resides in Dayton, Ohio.

5. Venue is proper in the Southern District of Florida pursuant to 15 U.S.C. § 1391(b) because the defendants are subject to the Court's personal jurisdiction with respect to this action.

6. Specifically, both BBB and Green caused injury to Plaintiff within the state of Florida, and at the time of that injury: (1) BBB and Green were engaged in solicitation or service activities within the state; and (2) products, materials, or things processed, serviced, or manufactured by BBB and Green were used or consumed within this state in the ordinary course of commerce, trade, or use.

## General Allegations

### A. The Parties' Business Relationship

7. Plaintiff, BBB, and Green are each merchants who deal in goods including barrels that have been used and/or are intended for use in the production and/or storage of alcoholic beverages.

8. Beginning in December 2022, Plaintiff commenced a business relationship with BBB, with Green acting as BBB's agent, whereby BBB would sell to Plaintiff and Plaintiff would purchase from BBB wooden barrels that had previously been used in the production of whiskey or bourbon.

9. Between December 2022 and May 2023, BBB sold Plaintiff approximately thirty-two (32) shipping container-sized loads of used whiskey or bourbon barrels. In each instance, Plaintiff arranged for the shipping container to be loaded with barrels at BBB's facility in Dayton, Ohio and then transported to an end-user distillery in Europe, which distillery would purchase the barrels from Plaintiff.

10. Throughout the business relationship between Plaintiff and BBB, Plaintiff's principal, Gilbert DeMoss ("**DeMoss**") communicated to Green (who was acting on behalf of BBB) both verbally and in writing that the used barrels that Plaintiff was purchasing was BBB had to be whiskey or bourbon barrels, and could not have been used for beer or wine. As DeMoss explained to Green,

2

and Green understood, barrels that had been used to store beer or wine were <u>not</u> suitable for use by Plaintiff's intended distillery customers.

11.     For example, on March 27, 2023, DeMoss sent a text message to Green in connection with a proposed order, in which DeMoss expressly stated "[a]s long as they are 2 times used for whiskey and not for beer or wine," to which Green responded, "Ok."

**B.     BBB and Green's Fraudulent Sale of Used Beer Barrels to Plaintiff**

12.     On or about May 17, 2023, BBB sold to Plaintiff and Plaintiff purchased from BBB the first of sixteen (16) shipping container-sized loads of what BBB represented to Plaintiff were used whiskey or bourbon barrels, but which in fact were used <u>beer</u> barrels.

13.     True and correct copies of the invoices for fifteen (15) of these sixteen (16) loads are attached hereto as Composite Exhibit "A."

14.     In each of these sixteen (16) instances, Green knew: (1) that the barrels BBB was selling to Plaintiff had been used to store beer; (2) that such barrels were not the whiskey or bourbon barrels that Plaintiff believed it was buying; (3) that such barrels were not suitable for use by Plaintiff's customers; and (4) that because the barrels were being shipped to Europe, it would be a number of weeks before Plaintiff would discover that the barrels it had purchased from BBB were beer barrels.

15.     On May 30, 2023, in a text message exchange, DeMoss reiterated to Green that the used barrels Plaintiff was purchasing from BBB could <u>not</u> be beer barrels: "[a]s long as not beer barrels," to which Green replied "[t]hey said they was not."

16.     In or around early June 2023, Plaintiff learned for the first time that one of the loads of barrels that BBB had sold to Plaintiff consisted of <u>beer barrels</u>, which were rejected by Plaintiff's distillery customer.

17.     Immediately upon making this discovery, DeMoss notified Green by telephone regarding this non-conforming shipment of goods.

18.     On June 7, 2023, DeMoss sent a text message to Green stating: "I have another load of barrels that were used for beer that has been refused. We need to be absolutely certain not sending any [sic] beer barrels. I need to bring that container back and replace with another."

19.     Despite DeMoss expressly advising Green that several of Plaintiff's orders from BBB were improperly fulfilled with beer barrels, and that such goods were non-conforming, BBB and Green continued fulfilling Plaintiff's orders for whiskey or bourbon barrels with non-conforming beer barrels.

20.     On June 12, 2023, DeMoss sent a text message to Green stating: "2 more containers of Beer barrels sent to Ireland. That is 5 now."

21.     On June 21, 2023, DeMoss sent a text message to Green to confirm that the latest of Plaintiff's barrel orders fulfilled by BBB were not for beer: "These are whiskey barrels? Not beer?" Green replied, "No beer."

22.     Despite this express and unambiguous warranty by Green, acting on behalf of BBB, that the goods being sold were whiskey or bourbon barrels, BBB and Green continued to supply plaintiff with non-conforming goods.

23.     On July 7, 2023, DeMoss texted Green: "I have a load opened today and are Gin barrels…. These were supposed to be whiskey not Gin…. All barrels going out before as we discussed were supposed [sic] to be bourbon or whiskey. Now have beer and gin at wrong facilities…. I did not buy gin barrels. All were bourbon or whiskey." In response, Green confirmed the parties' understanding regarding Plaintiff's orders by stating: "I never have sent gin barrel i don't even know where to buy them."

4

24. That same day, DeMoss texted Green to advise that each of Plaintiff's preceding sixteen (16) orders from BBB had been fulfilled with nonconforming goods that were rejected by Plaintiff's customers: "16 containers of beer at this point is what I was told today."

25. For each of the sixteen (16) non-conforming orders that were rejected by Plaintiff's customers, the barrels had the distinct odor of beer (or, in one case, gin). Some of the barrels had developed mold, which is characteristic of used beer barrels, but not used whiskey or bourbon barrels. And some of the barrels still contained small quantities of beer.

26. Despite demand, BBB had refused to either refund Plaintiff or tender conforming replacement goods for any of the sixteen (16) of Plaintiff's orders that BBB fulfilled with non-conforming goods.

27. Plaintiff has retained the services of the undersigned law firm in this action and has agreed to pay the firm a reasonable fee for its services.

28. All conditions precedent to this lawsuit have been performed, satisfied, or waived.

## COUNT I – BREACH OF EXPRESS WRITTEN WARRANTY
### (against BBB)

29. Plaintiff restates its allegations contained in paragraphs 1 through 28 as if fully set forth herein.

30. Between May 17, 2023 and June 28, 2023, Plaintiff purchased sixteen (16) shipping container-sized orders of used barrels (the "**Goods**") from BBB.

31. BBB expressly warranted to Plaintiff in writing that the Goods had been used in the production of whiskey or bourbon, but not beer.

32. Between early June 2023 and July 7, 2023, Plaintiff discovered that the products were not used whiskey or bourbon barrels, but were instead used beer barrels (or, in one instance, used gin barrels), which BBB knew at the time were not suitable for Plaintiff's intended use.

5

33. Between early June 2023 and July 7, 2023, Plaintiff notified BBB that the Goods were non-conforming.

34. Despite demand, BBB has refused to either refund Plaintiff or tender conforming replacement goods for any of the Goods.

35. As a direct and proximate result of BBB's breach of the express written warranty (that the products were whiskey or bourbon barrels), Plaintiff has sustained damages for: (a) approximately $289,100.00 for the cost of the Goods; (b) approximately $400,000.00 in costs for shipping the non-conforming goods that BBB sold to Plaintiff; and (c) the loss of profits in an amount to be determined that Plaintiff anticipated to make on the resale of the Goods.

**WHEREFORE**, Plaintiff, AMERICAN GLOBAL EXPORTERS L.L.C., respectfully requests that the Court enter a judgment in its favor and against Defendant, BUCKEYE BARREL BROTHERS LLC, an Ohio limited liability company, for damages, prejudgment interest, the costs of this action, and such other and further relief as the Court deems just and proper.

## COUNT II – BREACH OF EXPRESS ORAL WARRANTY
### (against BBB)

36. Plaintiff restates its allegations contained in paragraphs 1 through 28 as if fully set forth herein.

37. Between May 17, 2023 and June 28, 2023, Plaintiff purchased sixteen (16) shipping container-sized orders of used barrels (the "**Goods**") from BBB.

38. Prior to Plaintiff's purchase, Plaintiff had disclosed to BBB that Plaintiff was seeking used barrels for bourbon and/or whiskey production. BBB orally warranted to Plaintiff that the Goods BBB would be selling to Plaintiff had previously been used in bourbon and/or whisky production and were suited for re-use in bourbon and/or whiskey production.

39. Between early June 2023 and July 7, 2023, Plaintiff discovered that the Goods were not used whiskey or bourbon barrels, but were instead used beer barrels (or, in one instance, used gin barrels) and were thus not suited for subsequent use in whiskey and/or bourbon production.

40. Between early June 2023 and July 7, 2023, Plaintiff notified BBB that the Goods were non-conforming.

41. Despite demand, BBB has refused to either refund Plaintiff or tender conforming replacement goods for any of the Goods.

42. As a direct and proximate result of BBB's breach of the express oral warranty (that the Goods were used bourbon or whiskey barrels), Plaintiff has sustained damages for: (a) approximately $289,100.00 for the cost of the Goods; (b) approximately $400,000.00 in costs for shipping the non-conforming goods that BBB sold to Plaintiff; and (c) the loss of profits in an amount to be determined that Plaintiff anticipated to make on the resale of the Goods.

**WHEREFORE**, Plaintiff, AMERICAN GLOBAL EXPORTERS L.L.C., respectfully requests that the Court enter a judgment in its favor and against Defendant, BUCKEYE BARREL BROTHERS LLC, an Ohio limited liability company, for damages, prejudgment interest, the costs of this action, and such other and further relief as the Court deems just and proper.

**COUNT III – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**
**(against BBB)**

43. Plaintiff restates its allegations contained in paragraphs 1 through 28 as if fully set forth herein.

44. Between May 17, 2023 and June 28, 2023, Plaintiff purchased sixteen (16) shipping container-sized orders of used barrels (the "**Goods**") from BBB.

45. Prior to Plaintiff's purchase, Plaintiff had disclosed to BBB that Plaintiff was seeking used barrels for whiskey and bourbon production.

46. BBB implicitly warranted to Plaintiff that the Goods BBB would be selling to Plaintiff were generally suited for the ordinary purpose for which they were originally intended to be used, *i.e.*, for the production or storage of alcoholic beverages.

47. Between early June 2023 and July 7, 2023, Plaintiff discovered that the Goods were not used whiskey or bourbon barrels, but were instead used beer barrels (or, in one instance, used gin barrels), which were moldy or otherwise in too poor condition to be used for the production or storage of alcoholic beverages.

48. Between early June 2023 and July 7, 2023, Plaintiff notified BBB that the Goods were non-conforming.

49. Despite demand, BBB has refused to either refund Plaintiff or tender conforming replacement goods for any of the Goods.

50. As a direct and proximate result of BBB's breach of the implied warranty of merchantability (that the Goods were suitable for the production or storage of alcoholic beverages), Plaintiff has sustained damages for: (a) approximately $289,100.00 for the cost of the Goods; (b) approximately $400,000.00 in costs for shipping the non-conforming goods that BBB sold to Plaintiff; and (c) the loss of profits in an amount to be determined that Plaintiff anticipated to make on the resale of the Goods.

**WHEREFORE**, Plaintiff, AMERICAN GLOBAL EXPORTERS L.L.C., respectfully requests that the Court enter a judgment in its favor and against Defendant, BUCKEYE BARREL BROTHERS LLC, an Ohio limited liability company, for damages, prejudgment interest, the costs of this action, and such other and further relief as the Court deems just and proper.

## COUNT IV – BREACH OF IMPLIED WARRANTY
## OF FITNESS FOR A PARTICULAR PURPOSE
### (against BBB)

51.	Plaintiff restates its allegations contained in paragraphs 1 through 28 as if fully set forth herein.

52.	Between May 17, 2023 and June 28, 2023, Plaintiff purchased sixteen (16) shipping container-sized orders of used barrels (the "**Goods**") from BBB.

53.	Prior to Plaintiff's purchase, Plaintiff had disclosed to BBB that Plaintiff was seeking used barrels for whiskey and bourbon production.

54.	BBB implicitly warranted to Plaintiff that the Goods BBB would be selling to Plaintiff were suited for the particular purpose for which they were being purchased, *i.e.*, for the production of whiskey and/or bourbon.

55.	Between early June 2023 and July 7, 2023, Plaintiff discovered that the Goods were not used whiskey or bourbon barrels, but were instead used beer barrels (or, in one instance, used gin barrels), which BBB knew or should have known were unsuited for use in the production of whiskey and/or bourbon.

56.	Between early June 2023 and July 7, 2023, Plaintiff notified BBB that the Goods were non-conforming.

57.	Despite demand, BBB has refused to either refund Plaintiff or tender conforming replacement goods for any of the Goods.

58.	As a direct and proximate result of BBB's breach of the implied warranty of fitness for a particular purpose (that the Goods were suitable for use in the production of whiskey and/or bourbon), Plaintiff has sustained damages for: (a) approximately $289,100.00 for the cost of the Goods; (b) approximately $400,000.00 in costs for shipping the non-conforming goods that BBB sold

to Plaintiff; and (c) the loss of profits in an amount to be determined that Plaintiff anticipated to make on the resale of the Goods.

**WHEREFORE**, Plaintiff, AMERICAN GLOBAL EXPORTERS L.L.C., respectfully requests that the Court enter a judgment in its favor and against Defendant, BUCKEYE BARREL BROTHERS LLC, an Ohio limited liability company, for damages, prejudgment interest, the costs of this action, and such other and further relief as the Court deems just and proper.

### COUNT V – FRAUD
**(against BBB and Green)**

59. Plaintiff restates its allegations contained in paragraphs 1 through 28 as if fully set forth herein.

60. Between May 17, 2023 and June 28, 2023, Plaintiff purchased sixteen (16) shipping container-sized orders of used barrels (the "**Goods**") from BBB.

61. Prior to Plaintiff's purchase, Plaintiff had disclosed to Green and BBB that Plaintiff was seeking used barrels for whiskey or bourbon production. Green, acting on behalf of BBB, represented to Plaintiff that the Goods BBB would be selling to Plaintiff had previously been used in whiskey or bourbon production and were suited for re-use in whiskey or bourbon production.

62. This representation by Green was known by Green to be false at the time the representation was made.

63. Specifically, Green knew that the Goods BBB would be selling to Plaintiff had previously been used in beer production and/or storage and were thus not suited for use in subsequent whiskey or bourbon production.

64. Green made the false representation to Plaintiff that the Goods being sold were used whiskey or bourbon barrels in order to induce Plaintiff into relying on the representation.

65. Plaintiff, having previously purchased conforming whiskey and bourbon barrels from Green and BBB, reasonably relied on Green's representations that the Goods being sold were whiskey or bourbon barrels.

66. Between early June 2023 and July 7, 2023, Plaintiff discovered that the Goods were not used whiskey or bourbon barrels, but were instead used beer barrels and were thus not suited for subsequent use in whiskey and/or bourbon production.

67. Between early June 2023 and July 7, 2023, Plaintiff notified BBB that the Goods were non-conforming.

68. Despite demand, BBB had refused to either refund Plaintiff or tender conforming replacement goods for any of the Goods

69. As a direct and proximate result of Green's misrepresentations (that the Goods were used whiskey or bourbon barrels), Plaintiff has sustained damages for: (a) approximately $289,100.00 for the cost of the Goods; and (b) approximately $400,000.00 in costs for shipping the non-conforming goods that BBB sold to Plaintiff.

**WHEREFORE**, Plaintiff, AMERICAN GLOBAL EXPORTERS L.L.C., respectfully requests that the Court enter a judgment in its favor and against Defendants, BUCKEYE BARREL BROTHERS LLC, an Ohio limited liability company, and JASON GREEN, jointly and severally for damages, prejudgment interest, the costs of this action, and such other and further relief as the Court deems just and proper.

### COUNT VI – NEGLIGENT MISREPRESENTATION
**(against BBB and Green)**

70. Plaintiff restates its allegations contained in paragraphs 1 through 28 as if fully set forth herein.

71. Between May 17, 2023 and June 28, 2023, Plaintiff purchased sixteen (16) shipping container-sized orders of used barrels (the "**Goods**") from BBB.

72. Prior to Plaintiff's purchase, Plaintiff had disclosed to Green and BBB that Plaintiff was seeking used barrels for whiskey or bourbon production. Green, acting on behalf of BBB, represented to Plaintiff that the Goods BBB would be selling to Plaintiff had previously been used in whiskey or bourbon production and were suited for re-use in whiskey or bourbon production.

73. Plaintiff believed Green's representation – that the Goods BBB would be selling to Plaintiff had previously been used in whiskey or bourbon production and were suited for re-use in whiskey or bourbon production – to be true, when in fact that representation was false.

74. BBB and Green should have known that representation was false.

75. Green made the representation to Plaintiff that the Goods being sold were used whiskey or bourbon barrels in order to induce Plaintiff into relying on the representation.

76. Plaintiff, having previously purchased conforming whiskey and bourbon barrels from Green and BBB, justifiably relied on Green's representations that the Goods being sold were used whiskey or bourbon barrels.

77. Between early June 2023 and July 7, 2023, Plaintiff discovered that the Goods were not used whiskey or bourbon barrels, but were instead used beer barrels and were thus not suited for subsequent use in whiskey and/or bourbon production.

78. Between early June 2023 and July 7, 2023, Plaintiff notified BBB that the Goods were non-conforming.

79. Despite demand, BBB had refused to either refund Plaintiff or tender conforming replacement goods for any of the Goods

80. As a direct and proximate result of Plaintiff purchasing the Goods from BBB in justifiable reliance upon Green's misrepresentations (that the Goods were used whiskey or bourbon barrels), Plaintiff has sustained damages for: (a) approximately $289,100.00 for the cost of the Goods; and (b) approximately $400,000.00 in costs for shipping the non-conforming goods that BBB sold to Plaintiff.

**WHEREFORE**, Plaintiff, AMERICAN GLOBAL EXPORTERS L.L.C., respectfully requests that the Court enter a judgment in its favor and against Defendants, BUCKEYE BARREL BROTHERS LLC, an Ohio limited liability company, and JASON GREEN, jointly and severally for damages, prejudgment interest, the costs of this action, and such other and further relief as the Court deems just and proper.

Dated: December 4, 2023

Respectfully submitted,

THE BEHAR LAW FIRM, P.A.
*Attorneys for Plaintiff*
1801 N.E. 123rd Street, Suite 314
North Miami, Florida 33181
Tel: (786) 735-3300
Fax: (786) 735-3307
hrb@beharlegal.com
sms@beharlegal.com
np@beharlegal.com

By:  *s/ Samuel M. Sheldon*
**Howard R. Behar**
Florida Bar No. 54471
**Samuel M. Sheldon**
Florida Bar No. 54088